| | |
|---|---|
| **DAVID EARL WATTLETON,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**MR. KELLY, Education Coordinator; and** )<br>**FORT DEVENS FEDERAL MEDICAL** )<br>**CENTER,** )<br>)<br>**Defendants.** )<br> ) | **Civil Action No.**<br>**10-40199-FDS** |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

For the reasons stated below, the Court will (1) grant plaintiff's motions for leave to proceed *in forma pauperis*; (2) grant plaintiff's motion to amend; (3) deny without prejudice plaintiff's motions for injunctive relief; and (4) direct plaintiff to file an amended complaint.

## I.     Background

On October 12, 2010, David Wattleton, who is a civilly committed person confined at FMC Devens, filed a self-prepared complaint against "Mr. Kelly," the FMC Devens Education Coordinator, and against FMC Devens itself.  He states that the action is brought under the Federal Tort Claims Act and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Wattleton alleges that, while housed in the Segregation Housing Unit, he does not have adequate access to legal materials (including current federal criminal and civil procedure rules) and means to photocopy documents to be filed with the Eleventh Circuit.  He asks that the Court order the defendants "to provide suitable facilities for him to prepare legal papers that would comply with

Rule 28 [of the Federal Rules of Appellate Procedure]" or to "furlough the plaintiff to the Education Building when the time comes to prepare his legal briefs." Compl. at 2.[1]

On October 27, 2010, Wattleton filed a motion for injunctive relief in which he asks that the Court enjoin the defendants from "disclosing information to inmate John Parisi, the Education law library clerk, and any other inmates, about pending motions relating to plaintiff's case and any and all Institutional matters relating to plaintiff." Mot. at 1. Wattleton alleges that Mr. Kelly spreads false information about Wattleton and thereby "exploits animosity" against Wattleton and "recruit[s] more supporters to back up own personal agenda which is finding ways to prevent plaintiff from coming to the law library." *Id.* The same day, Wattleton filed a motion for leave to amend the complaint. It appears that he wishes to amend the complaint to include allegations to support a request for a preliminary injunction.

Wattleton also filed two motions motion for leave to proceed *in forma pauperis*.

## II. Discussion

### A. Motions to Proceed *In Forma Pauperis*

Upon reviewing plaintiff's motions to proceed *in forma pauperis*, the Court concludes that he has adequately shown that he is without means to prepay the $350 filing fee. The Court will therefore grant the motions.

### B. Motions to Amend the Complaint and for Injunctive Relief

Because the complaint has not yet been served, plaintiff may amend the complaint as a matter of right. *See* Fed. R. Civ. P. 15(a)(1)(A) (plaintiff may amend complaint once as a matter

---

[1] Because Wattleton entitled his complaint as a "Motion for Injunctive Relief" as well a complaint, the document was docketed as a complaint (#1) and as a motion (#2).

of right within 21 days after service of the complaint). As an amended complaint completely supersedes the original complaint, *see Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008), plaintiff should reassert in the amended complaint any allegations in the original complaint underlying the claims in the amended complaint.

In addition to curing the legal defects discussed below, the amended complaint should be in the correct format and properly limited in scope. The claims in a complaint must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Where a plaintiff brings claims against more than one defendant in a single lawsuit, the claims must be limited to those "arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A).

Any request for a permanent injunction should be included in the prayer for relief within the amended complaint. Any request for preliminary injunctive relief should be set forth in a separate motion. As plaintiff has represented that he is going to amend his complaint, the Court will deny without prejudice the pending motions for injunctive relief.

### C.    Review of the Original Complaint

Where a plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss an action in which the plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim for relief, or seeks monetary damages against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Because the Court will grant plaintiff's motion to amend his complaint, the Court will

address certain defects in the original complaint that must be cured in the amended complaint.

### 1.    FMC Devens as a Defendant

Plaintiff names FMC Devens as a defendant.  FMC Devens is merely a physical facility and therefore is not an entity subject to suit.  *See, e.g.*, *De La Garza v. Kandiyohi County Jail*, 18 Fed. Appx. 436 (8th Cir. 2001) (per curiam); *Johnson v. Johnson*, 2008 WL 2421722, at *3 (E.D. Tenn. June 12, 2008); *Prentice v. Jones*, 2007 WL 1141595, at *2 (N.D. Ind. Apr. 16, 2007); *Larry v. Goetz*, 2006 WL 1495784, at *3 (W.D. Wis. May 18, 2006); *Mardsen v. Federal Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) .

### 2.    Federal Tort Claims Act

The United States (including its various branches, departments, and agencies) enjoys immunity from suit except in those instances in which it has expressly consented to be sued.  *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  By passing the Federal Tort Claims Act, Congress waived the sovereign immunity of the United States for claims that fall within the scope of the statute.  *See* 28 U.S.C. §§ 1346(b), 2671-2680; *Barrett ex rel. Estate of Barrett v. United States*, 462 F.3d 28, 36 (1st Cir. 2006).[2]  However, a plaintiff may not institute a claim under the FTCA in a federal district court until (1) the plaintiff has filed an administrative claim with the "appropriate Federal agency" *and* (2) the agency finally denies the administrative claim or six months pass without a final denial of the administrative claim, whichever comes first.  28 U.S.C.

---

[2] Subject to some exceptions, the FTCA provides a right of action against the United States

for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

§ 2675(a).  This administrative remedy exhaustion requirement is jurisdictional.  *See Barrett*, 462 F.3d at 38; *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

Here, plaintiff does not allege that he has exhausted his administrative remedies under the FTCA.  He has therefore failed to state a claim under the FTCA.  Furthermore, because the United States is the only proper defendant in an action under the FTCA, *see* U.S.C. §§ 1346(b), 2674, 2679; *McCloskey v. Mueller*, 446 F.3d 262, 266 (1st Cir. 2006), any claim under the FTCA against Mr. Kelly is improper, although a claim under *Bivens* may be viable.

## III.  Conclusion

For the foregoing reasons:

1.  Plaintiff's motions for leave to proceed *in forma pauperis* are GRANTED to the extent that plaintiff seeks to proceed without prepayment of the filing fee.  If summonses later issue, plaintiff may direct the United States Marshal to complete service, with all costs thereof to be advanced by the United States.

2.  Plaintiff's motions for injunctive relief are DENIED without prejudice as to their renewal.

3.  Plaintiff's motion to amend the complaint is GRANTED to the extent the plaintiff seeks to file an amended complaint.  If the plaintiff wishes to proceed with this action, he must, within 42 days, file an amended complaint that conforms with or cures the problems identified above.  Failure to comply with this directive will result in dismissal of this action.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  December 17, 2010